**314**

In re RAVENNA INDUSTRIES,
INC., Debtor.

RAVENNA INDUSTRIES, INC.,
Plaintiff,

v.

RELIABLE PATTERNWORKS,
INC., Defendant.

Bankruptcy No. 581–410.
Adv. No. 582–0651.

United States Bankruptcy Court,
N.D. Ohio.

Nov. 7, 1983.

Dennis J. Kaselak, Cleveland, Ohio, for defendant.

David Hunter and Paul Rose, Akron, Ohio, for plaintiff.

## FINDING AS TO MOTION FOR DISMISSAL AND TRANSFERRING PROCEEDINGS

H.F. WHITE, Bankruptcy Judge.

This matter was heard on April 21, 1983 upon the motion of the Defendant, Reliable Pattern Works, Inc., to dismiss this action on the grounds that the Court lacks jurisdiction over the subject matter herein.

The complaint of Plaintiff-Debtor, Ravenna Industries, Inc., alleges causes of action against the Defendant for breach of warranty and breach of contract. Appended to the complaint is a demand for a jury trial pursuant to 28 U.S.C. section 1480. The Defendant filed an answer and counterclaim to Plaintiff's complaint. Plaintiff filed a motion for Summary Judgment of Defendant's counterclaim. This motion is still pending.

Defendant's motion to dismiss states that as a result of the decision by the United States Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) this Court does not have jurisdiction to hear this action.

In *Northern Pipeline,* the debtor, Northern, filed a complaint against Marathon Pipe Line Co. (Marathon) seeking damages for alleged breaches of contract and warranty as well as for alleged misrepresentation, coercion, and duress. Marathon filed a motion to dismiss on the ground that the statute conferring jurisdiction of the action on the bankruptcy court, 28 U.S.C. section 1471, as enacted by section 241(a) of the Bankruptcy Reform Act of 1978, P.L. 95–598, 92 Stat. 2549, was unconstitutional. The crux of Marathon's argument was that the statute unconstitutionally conferred Article III judicial power upon judges who lacked the protection of Article III: life

tenure and protection against salary diminution.

The Supreme Court agreed with Marathon and held that the bankruptcy court did not have jurisdiction to hear Northern's complaint against Marathon.

The exact scope of the Supreme Court's decision in *Northern Pipeline* is unclear, however, because none of the opinions issued by the justices commanded a majority. A plurality of four justices concluded that section 241(a) "impermissibly removed most, if not all, of 'the essential attributes of the judicial power' from the Art. III district court, and has vested those attributes in a non-Art. III adjunct." *Northern Pipeline, supra,* 102 S.Ct. at 2879–80. The two concurring justices, whose votes were needed for the decision, reached a much more limited conclusion. These justices concluded that only so much of the Bankruptcy Act of 1978 which allowed a bankruptcy court to decide Northern's lawsuit against Marathon need be declared unconstitutional.

There is no doubt that, but for the decision in *Northern Pipeline,* this Court would have had jurisdiction over this action. In the wake of *Northern Pipeline,* therefore, it would seem that this Court would lack such jurisdiction. The situation is not that clear however.

The decision in *Northern Pipeline* was originally stayed until October 4, 1982 to allow Congress an opportunity to revise the bankruptcy laws. This stay was then extended until December 24, 1982. Despite this stay, Congress has failed to enact legislation which would cure the constitutional defects of the Bankruptcy Reform Act of 1978, *supra.* In the face of this Congressional inertia, the Judicial Conference of the United States promulgated an Emergency Rule to provide for the orderly handling of bankruptcy matters.

This Rule provides for the automatic referral to the bankruptcy court of "[a]ll cases under title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11." Rule section (c)(1). In traditional bankruptcy matters a bankruptcy judge may issue orders which become effective upon entry. Rule section (d)(1) and (2). In "related proceedings" defined as "those civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district or state court", the bankruptcy judge may issue only a proposed finding and order. Rule section (d)(3).

This rule has been adopted in the Northern District of Ohio and became effective when the stay of the decision in *Northern Pipeline* expired. The validity of this Rule was expressly upheld by the Sixth Circuit in *White Motor Corp. v. Citibank N.A.,* 704 F.2d 254 (6th Cir.,1983).

The situation in the present case is analogous to that presented in *Northern Pipeline.* The Plaintiff-Debtor has filed a complaint against the Defendant, a non-debtor. The causes of action alleged in Plaintiff's complaint are based on state law. Nonetheless, because of the enactment of the Emergency Rule, the decision in *Northern Pipeline* does not compel dismissal of this action.

The present action is clearly a "related proceeding" under the Emergency Rule. As a related proceeding, this Court has jurisdiction for the limited purpose of issuing proposed findings and orders. Because this Court cannot, without the consent of the parties, issue final orders, the constitutional concerns of federal judicial power under Article III of the United States Constitution, discussed in *Northern Pipeline,* are apparently not at issue. The Emergency Rule preserves the exercise of Article III judicial power with the District Court.

Thus, the Defendant's motion to dismiss for lack of jurisdiction must be denied. The denial of Defendant's motion, however, does not mean that this Court may hear this matter.

As was mentioned above, Plaintiff's complaint asks for a jury trial pursuant to 28 U.S.C. section 1480. It is provided in 28 U.S.C. section 1480:

(a) Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury, in a

case under title 11 or in a proceeding arising under title 11 or arising in or related to a case under title 11, that is provided by any statute in effect on September 30, 1979.

(b) The bankruptcy court may order the issues arising under section 303 of title 11 to be tried without a jury.

This statute falls under chapter 90 of Title 28, which is entitled "District Courts and Bankruptcy Courts". Chapter 90 was enacted by section 241(a) of the Bankruptcy Reform Act of 1978, *supra.* As discussed above, a plurality of Justices in *Northern Pipeline* concluded that section 241(a) was unconstitutional. The two concurring Justices, it will be recalled, did not go so far as to hold all of section 241(a) unconstitutional. As the Sixth Circuit stated in *White Motor Corp. v. Citibank N.A., supra,* 704 F.2d at 260: "Without a majority, the only clear holding in *Northern Pipeline* must be the more limited view expressed in the concurring opinion". The Sixth Circuit concluded that only 28 U.S.C. section 1471(c) as enacted by section 241(a) of the 1978 Act is unconstitutional as a result of *Northern Pipeline. Id.*

Therefore, the Court concludes that 28 U.S.C. section 1480 was not affected by the Supreme Court's decision in *Northern Pipeline.* Since the parties in this action do not come within the exception as provided for by 28 U.S.C. 1480(b), they are entitled to a trial by jury as requested.

Section (d)(1)(D) of the Emergency Rule provides that bankruptcy judges may not conduct jury trials. The Rule also directs that, "[t]hose matters which may not be performed by a bankruptcy judge shall be transferred to a district judge." Rule section (d)(1). Based upon the decision in *Northern Pipeline,* the district courts continue to exercise original jurisdiction over bankruptcy matters. *White Motor Corp. v. Citibank N.A., supra.* In order to effectuate this right, the bankruptcy court must transfer these proceedings to the district court.

In conclusion, the Court finds that the Defendant's motion to dismiss must be denied and that these proceedings must be transferred to the District Court for the Northern District of Ohio.